IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY McNEAL,

      Petitioner,                     No. 2:10-cv-2432 KJN P

    vs.

TERRI GONZALEZ,                 ORDER

      Respondent.

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties have consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations. Petitioner has filed an opposition to the motion and respondent has filed a reply.  For the reasons set forth below, the undersigned grants the respondent's motion.

II. Statutory Tolling

        Petitioner adopted the background facts set forth in respondent's motion to dismiss (dkt. no. 12 at 4); thus, it is undisputed that the statute of limitations period expired before petitioner filed the instant petition.  However, to assist the court in evaluating petitioner's

claim that he is entitled to equitable tolling, the court first addresses the issue of statutory tolling.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled guilty to carjacking, preventing or dissuading a witness from testifying, receiving stolen property, and first degree robbery. One sentencing enhancement was found true. On December 29, 1999, petitioner was sentenced to a determinate state prison term of twenty-two years.

2. No appeal of the conviction was filed.

3. Under the mailbox rule,[1] petitioner filed one petition for writ of habeas corpus in the California Supreme Court on January 29, 2010. (Respondent's Lodged Document ("LD") 1.) The California Supreme Court denied the petition on July 28, 2010, without comment. (LD 2.)

4. Under the mailbox rule, the instant action was filed on September 2, 2010. (Dkt. No. 1.)

As noted above, it is undisputed that no appeal was filed. Therefore, the December 29, 1999 state court judgment became final on February 27, 2000, the final day on which a notice of appeal was due. Cal. R.Ct. 30.1 (West 2001). Therefore, the AEDPA statute of limitations period began to run the following day, on February 28, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The limitations period ran from February 28, 2000, through February 27, 2001, on which date the limitations period expired.

On January 29, 2010, petitioner filed his first state habeas petition. However, by that date, the federal statute of limitations period had expired. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, petitioner's state habeas petition had no effect on the calculation of the limitations period.

The instant petition was not filed until September 2, 2010, over nine years after the statute of limitations period expired. Accordingly, this action is time-barred unless petitioner can demonstrate that he is entitled to equitable tolling.

III. Equitable Tolling

Petitioner alleges that he is entitled to equitable tolling because he is a layman at law, and allegedly suffered myriad impediments, including limited access to the prison law

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

3

library due to the prison's budgetary constraints and lockdowns, a prison transfer, and property withholding. Petitioner contends he exercised due diligence by "maintain[ing] a steady activity of legal mailings, seeking either legal documents germane to his case or other documents and papers that underlie the factual predicate for his claims." (Dkt. No. 12 at 4.)

In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted).

The diligence prong in Pace requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (stating that equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the

4

1  "link of causation between the extraordinary circumstances and the failure to file [is] broken."
2  Spitsyn, 345 F.3d at 802.  The "extraordinary circumstances" prong in Pace requires the
3  petitioner to "additionally show that the extraordinary circumstances were the cause of his
4  untimeliness, and that the extraordinary circumstances made it impossible to file a petition on
5  time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations
6  omitted).

7  Here, petitioner's lack of knowledge of the law does not establish "extraordinary
8  circumstances" preventing him from timely filing a federal habeas petition.  The Ninth Circuit
9  has held that a petitioner's pro se status and claims of ignorance of the law are insufficient to
10 justify equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se
11 petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting
12 equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se
13 prisoner's illiteracy and lack of knowledge of law was unfortunate, but insufficient to establish
14 cause); Fisher v. Ramirez-Palmer, 219 F. Supp. 2d 1076, 1080 (E.D. Cal. 2002) ("[I]gnorance of
15 the law does not constitute such extraordinary circumstances."); Sperling v. White, 30 F. Supp.
16 2d 1246, 1254 (C.D. Cal. 1998) (citing with approval cases from various circuits rejecting
17 equitable tolling based on petitioner's lack of legal experience or illiteracy).

18 Similarly, lockdowns are not an extraordinary circumstance in prison that would
19 justify or excuse a nine year delay.  As one district court observed:

20 > Lockdowns, however, and resulting restricted access to the prison
> law library are not, by themselves, extraordinary circumstances for
21 > prisoners.  See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.
> 2002) (recognizing that the lack of access to library material does
22 > not automatically qualify as grounds for equitable tolling); United
> States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997)
23 > (without demonstration of petitioner's diligence, lockdowns at
> prison allegedly eliminating access to law library were not
24 > extraordinary circumstances warranting equitable tolling); Rosati v.
> Kernan, 417 F.Supp.2d 1128, 1132 (C.D. Cal. 2006)
25 > ("[P]etitioner's complaints about limited access to the law library
> and legal materials at various state prisons and occasional prison
26 > lockdowns do not warrant equitable tolling since petitioner has not

> shown any causal connection between these events and his failure to timely file his habeas corpus petition."); see also Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D. N.Y. 2005) ("In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."). In sum, Petitioner does not explain how any lockdowns constituted extraordinary circumstances that prevented him from timely filing his federal petition.

Robinson v. Marshall, 2008 WL 2156745 at *3 (C.D. Cal. May 18, 2008). Prison transfers, withholding of property, lockdowns, and restricted access to the prison law library are not extraordinary circumstances demonstrating petitioner is entitled to equitable tolling.

Petitioner also failed to demonstrate how any of the circumstances he complains about caused him to file an untimely federal habeas petition. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring a "causal connection" between the alleged extraordinary circumstances and the failure to file a timely petition), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). As noted by respondent, the only specific period of time petitioner addressed was about events from June 12, 2008, through October 24, 2008, which did not match the filing dates of petitioner's filings in state court, but also occurred long after the statute of limitations period had expired in any event. Therefore, petitioner has not met his burden of demonstrating the existence of any extraordinary circumstances which prevented him from filing a timely federal habeas petition and thus entitling him to equitable tolling.

Finally, the issue of lack of diligence is dispositive. Although petitioner claims he was diligent, he has presented no evidence to support his conclusory statement. Petitioner's federal petition was filed over nine years too late. Petitioner has adduced no specific facts demonstrating his diligence from December 29, 1999, the date he was sentenced, and January 29, 2010, the date he filed his first state court petition. Petitioner's failure to take any documented action for ten years after his conviction cannot be construed as reasonable diligence. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056 (9th Cir. 2007) (Bryant made no effort to seek relief

1 between the denial of his last Rule 32 petition in October 1994, and the filing of the motion to
2 recall the mandate in March 2000, thus not entitled to equitable tolling.)  Petitioner has failed to
3 show he was diligent in filing the instant petition during the limitations period
4          For all of the above reasons, this court finds that petitioner has failed to
5 demonstrate he is entitled to equitable tolling.  Respondent's motion to dismiss is granted.
6 IV.  <u>Conclusion</u>
7          Accordingly, IT IS HEREBY ORDERED that respondent's December 17, 2010
8 motion to dismiss (dkt. no. 10) is granted.  The court declines to issue the certificate of
9 appealability referenced in 28 U.S.C. § 2253.
10 DATED: March 28, 2011

                                                    _____
                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE

mcne2432.mtd